May it please the court. Again I'm Daniel Hillison with the Federal Public Defender's Office. I represent Mr. Fennell. He raises one issue. And it is about restitution. So this circuit said in Rhodes that restitution under the Mandatory Victims Restitution Act is limited to actual loss caused by a defendant's offense. But the judge at appendix page 9 ordered Mr. Fennell to pay $110,600 based on intended loss as contained in Government Exhibit 37-2. Ordering restitution for intended loss isn't permissible under the NBRA and is barred by Rhodes. In light of the testimony during the trial that the judge presided over and the judge's reference to Exhibit 37-2, isn't it clear that was just a misstatement? I don't think so. So we've got testimony that spans several days. You're assuming the judge had total recall. The government at the sentencing hearing tendered a document. This was a key document, Exhibit 37-2. The testimony from the agent that testified about that summary chart was what was the total number in kickbacks paid to the defendant? That was an absolute number. The columns make it clear that those are not intended amounts, that those are actual amounts. The document was referenced in the PSR that the judge reviews in getting ready for sentencing, and the judge specifically referenced that exhibit in imposing restitution. It seems clear from the context that the intended loss statement was a misstatement. Your Honor, you've just gone into much more detail than was given in the transcript, and so we are now cobbling together recollections that the judge is supposedly having from her time presiding over the trial. It's not unusual for a court to remember a restitution amount from trial. Maybe some innocuous testimony might be forgotten, but I can tell you that it's not unusual for a district court judge at the time of sentencing to remember that significant testimony. It's also not unheard of for the judge to lay out what the record evidence is, and here that wasn't done. Why isn't that sufficient just referring to the trial exhibit itself, which is a very detailed chart of the amounts? Sure. Well, the PSR is supposed to include a complete accounting under what Congress is supposed to do. That's a separate issue. I'm referring to the chart itself that the judge was relying on that the agent put together that is very detailed, and the agent gave very detailed testimony about it at trial. Why isn't that sufficient? Your Honor, I just don't think the sentencing transcript can credit that kind of detail and recollection. I think that the chart was put together and submitted among a host of documents, thousands of pages over lots of days. That might be true, but the agent's testimony at trial was very focused on that particular chart, what each of the columns meant, and what the bottom numbers were. If the judge said anything during sentencing about the agent's testimony, I could respond better. But the judge didn't, and so this is, again, related to the 3664A problem. So Your Honor is quite right. The judge heard all of these things. We don't contest that. Did the defense raise any 3664A issue, saying it's not detailed enough? The defense contested the amount of loss of page 3 and 4 of the appendix, and so that was in connection to the total loss. But I didn't see any complaint about whether the statutory requirement was complied with, nor did I see really any conflicting evidence, nor did I see any evidence suggesting that anybody was ever talking about different amounts for intended and actual loss in the district court. Judge, from page 3 to about page 9, the issue was raised initially. The judge turned to the government. The government tendered an exhibit. The judge made statements, and the issue was disposed of. In the course of it, the judge said, this is intended loss, reviewed the document, and reached a conclusion. I don't think there was anything further for the defense to do or that the defense could have done at that point, given how it was handled. And if the government wants to say this is a misstatement, that's fine, but it's in black and white. We don't have the necessary information in the PSR, which is required under the statute. There should be a complete accounting. Apparently, it could have been easily done, because we have all this testimony and all these exhibits. I don't know why it wasn't done, but it wasn't. It's the issue that we have. It's based on the evidence that's in the sentencing transcript. We can surmise what the judge's recollection is. We can revisit all of the jewels from the government's perspective that are sprinkled throughout the thousands of pages of evidence in the case. So we send this back. Judge Stinson says, here's Exhibit 37-2. We're done. I think Judge Stinson, we would have a finding by the court and hopefully more detail about it, Judge. Ultimately, it is the amount, so be it. But the process is wrong here. And what does this bring for future sentencings where we've got loss amounts? Are we to do the same thing? We don't have the complete accounting. We've got days of testimony, lots of exhibits, and we say- We have defense counsel who say this is not specific. The defense counsel in this case objected to the loss amount. He did not raise the 3664A issue. Did not mention the statute, but challenged the loss. So I think that was enough to preserve the issue. And with that, I will reserve the balance of my time. Thank you. Your Honors, may it please the Court, Bob Wood on behalf of the government. The first thing I'd say is that 3664 does not require a complete accounting in every case. It requires that probation obtain, not perform an analysis, obtain information sufficient for the judge to exercise discretion. Here, as the PSR notes on the last page, probation officer obtained from the government documents, which didn't say documents including bank statements, estimates, invoices, etc., as was provided at trial. But clearly, it was stated that it was documentation from trial. And I can say, although this is never something that would ever make it into the record, prior to the sentencing and shortly after the trial, the government provided probation with Exhibit 37-2 and the underlying documentation and provided it to the defendant and said, you know, as you recall from the trial, this was an exhibit and this is what we intend to use for actual loss purposes. And the defendant objected based on that when he filed his sentencing memorandum. So there are indications of that pattern sufficient in the record for me to put that in. And yet the statute doesn't just talk about providing to the probation officer. It says the report shall include, right? Yeah. In the extent practicable, and this looks pretty practicable. Sure. The report, I think what the defendant hopes is that that report will be a report of accounting. The PSR is the report, and the report shall include, to the extent practicable. To include the Exhibit 37-2 and the PSR, although I've never seen an exhibit attached in that way, and there is a reference from probation to the inclusion, to the provision by the government of the relevant trial documents. Then, again, this is, of course, the main component of the defendant's argument that is under plain error review because even though taking exception to the intended loss, it would be a contested plain error review issue. There's no question that, as the judge referenced, no one raised any sort of procedural complaint about whether or not the district court was sufficiently following 3664. And, of course, this court has said many times that 3664's procedures are laid out for district judges' benefit to exercise their discretion. And this isn't a sentencing-only case, as the government stated in its brief, but a case where the judge heard over 95 pages of forensic accounting involving all the sorts of things that the defendant identifies in his reply brief as the kinds of things that one would want to hear about, like estimates, invoices, cancel checks, references to cash payments, all the kinds of things that would be necessary to arrive at an actual loss figure. And then, not only that, but there's this great summary chart provided. I mean, I'm with the government, and I like our summary chart. I suppose I should not characterize it as such, but a detailed summary chart specifying money in, money out, and how it... Well, it actually reflected the evidence, right? Yes, and the judge was perfectly familiar with that evidence. The sentencing was a few months later, but the judge's recollection was at the very least refreshed by seeing that document again at sentencing. I'd also say that on the subject of the judge's use of the phrase intended loss, it wouldn't behoove the court to deny... That chart was admitted in evidence, right? It was admitted in evidence, yes. It wouldn't behoove the court to deny the reality of the situation on the ground, and I will shamefacedly say that a good analogy would be in my brief, in the United States brief, I accidentally left a notation to the defendant having been convicted of methamphetamine distribution in the first sentence. But, of course, if you read the body of the brief... I did wonder about that. You see that, of course, that is not what this case is about, and I don't think that the court would be so rigid as to say, now we're here on a methamphetamine case, please tell us about the... And I apologize to the defendant for ham-fistedly accusing him of such. The government has no information on that. But pretending that this is a distribution of methamphetamine case is the same thing, in the government's view, as pretending that the loss amount here was intended loss. There was never any submission as to intended loss. There was never any attempt by the government or the defendant to make an argument about intended loss. The defendant's only argument was that he should get the same loss figure pre-trial, underdeveloped loss figure that his co-defendant received when he pleaded guilty. That is... There's just no way that intended loss was an issue. And unless there are additional questions about the 3664 issue, the government will rest on its feet. Mr. Hills? Since standard of review is often determined in the outcome of the case, I think that the preservation of the issue was done through the objection. It doesn't have to be so specific as to identify the statute. That would be helpful. But the loss amount was contested. And it was apparently contested, and I appreciate the government mentioning this, based on the disclosure of the summary of 37-2. So I think all of that leads to the conclusion that the objection was preserved. And it's a very easy thing, I think, for the government, and again, I'd acknowledge this, to have included the documentation necessary under 3664A. So it was practicable, and it should be corroborated, as opposed to relying on memory and other things that are not part of the record. This is something that the statute requires, and as a practice going forward, it should be adhered to. Congress certainly thought so. Thank you. Thank you, Mr. Hills. Thanks to both counsel, and the case is taken under review.